**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**MAJESTIC WEAVING CO., INC., OF NEW YORK, Respondent.**

Docket 29301.

United States Court of Appeals Second Circuit.

Motion Argued April 5, 1965.

Decided April 7, 1965.

Nemeroff, Jelline, Danzig, Paley & Kaufman, and Henry I. Hamburger, New York City, for movant.

Before WATERMAN, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

In this proceeding the National Labor Relations Board seeks to enforce an order, 147 N. L. R. B. No. 113 (1964), against Majestic Weaving Co., Inc., of New York. The General Counsel's complaint against Majestic had sprung from charges filed by Textile Workers Union of America, AFL-CIO; the complaint alleged, among other things, that Majestic had rendered illegal assistance to Lo-

cal 815, International Brotherhood of Teamsters etc., had entered into an invalid union security contract with it, and a month later had refused to bargain with the Textile Workers, which had presented evidence of majority status. Reversing its Trial Examiner, the Board sustained the complaint. It ordered, *inter alia,* that Majestic cease and desist from recognizing Local 815, and from giving any force or effect to the collective bargaining agreement with the Local, and from refusing to bargain with the Textile Workers. Local 815 seeks leave to intervene in the enforcement proceeding.

 In contrast to Fafnir Bearing Co. v. NLRB, 339 F.2d 801 (2 Cir. 1964), cert. granted, International Union etc. v. Fafnir Bearing Co., 85 S.Ct. 1087 (1965), where the Board opposed intervention by a charging party, it here consents to intervention by Local 815, as does Majestic. We agree that this case is significantly different. If the Board's order is right, Local 815 also has violated the Act, International Ladies' Garment Workers' Union v. NLRB, 366 U.S. 731, 738, 81 S.Ct. 1603, 6 L.Ed.2d 762 (1961); indeed, as we were told at the argument, the Local would have been named as a respondent save for its having been omitted from the charge, § 10(b). As contemplated by the Board's rules, § 102.8, 29 C.F.R. § 102.8 (1964), it filed an answer; it has been treated as if it were a respondent save, of course, that the order does not run against it; and the order denies the union a valuable contract right, cf. AFL v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873 (1946), on which it could insist but for the found illegality, quite as effectively as if it had been formally charged. Whatever claim an obligee might have to relitigate illegality determined in a decision of an administrative agency from which it was not permitted to appeal, we think the risk of harm in the interval is a sufficient "interest" to allow intervention; certainly, the rational administration of the Act strongly favors a single judgment as to the validity of the contract. Local 815

thus presents a claim of infringement of private right quite different from the charging party's desire to support a Board decision vindicating the public interest in a manner consistent with its wishes which, in Fafnir, we thought an insufficient basis for intervention. In view of our decision to grant intervention, we need not consider the Local's further contention that it is an "aggrieved" person, § 10(f), entitled as of right to petition independently for review of the Board's decision.

The motion for leave to intervene is granted. In view of § 10(e) of the Act and our Rule 13(g), we see no need for any special direction as to allowing the movant to participate in the designation of the record.